I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ PLAINTIFF (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 9-5-08

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP - 5 2008

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

ARTABIUS WATT DARDEN,

    Plaintiff,

v.

ORANGE COUNTY SHERIFF'S DEPT.,

    Defendants.

Case No. SACV 08-0727-GPS (MLG)

MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND

## I. Facts and Procedural History

Plaintiff Artabius Watt Darden, who is currently a state prisoner incarcerated at the Chuckawalla State Prison in Blythe, California, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on July 15, 2008. On July 21, 2008, after initial screening, the complaint was dismissed the complaint with leave to amend because Plaintiff had failed to state a cause of action against the only named defendants: the Orange County Jail and the Orange County Sheriff's Department ("OCSD").[1] The Court noted that

---

[1] The Court construed these allegations to name only one defendant, the Orange County Sheriff's Department.

Plaintiff had only plead *respondeat superior* liability against the defendant, which was insufficient to state a cause of action upon which relief may be granted. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001).

On September 4, 2008, Plaintiff filed his second amended complaint. Plaintiff alleges that on November 2, 2007, while he was incarcerated in the Orange County Jail, he was assaulted by two other inmates. Plaintiff claims that he was denied medical attention after the assault and was not seen by a nurse until four days later. Plaintiff later learned he had suffered a broken jaw but claims he was not given any treatment. Plaintiff seeks $1,000,000.00 in damages. In the second amended complaint, Plaintiff names two "John Doe" sheriff deputies and the Orange County Jail Medical Provider as defendants. All defendants are sued solely in their official capacities, For the reasons set forth below, the first amended complaint is **DISMISSED** with leave to amend. *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (*pro se* litigant should be given an opportunity to amend deficient pleadings unless it is clear that these deficiencies cannot be overcome).

II. **Discussion and Analysis**

   A. **Duty to Screen.**

The Court has screened the first amended complaint for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Court's screening of the Complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dept*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

B. **Plaintiff Has Failed To State A Claim Upon Which Relief May Be Granted Against Defendants in Their Official Capacities.**

An official capacity suit against a municipal officer is the equivalent to suit against the entity. *Center for bio-Ethical Reform, Inc.*, 533 F.3d 780, 799 (9th Cir. 2008), citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). To the extent that Plaintiff is alleging that the defendants are liable in their official capacities, he is again bringing an action against the Orange County Sheriff's Department and has again failed to state a claim upon which relief may be granted. Where the defendant is a municipality, a plaintiff must do more than plead the illicit conduct by the municipality's agents to state a cause of action under section 1983. A governmental entity cannot be held liable under section 1983 for an injury caused solely by its agents or employees based on a theory of respondeat

superior or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691 (1978). To establish municipal liability under § 1983, a plaintiff must identify the policy or custom which caused the constitutional deprivation. *Id*. Only when the execution of the government's policy or custom inflicts the constitutional injury may a governmental entity be held liable under section 1983. *Id*. at 694. Additionally, the plaintiff must establish that the governmental entity, through its deliberate conduct, was the moving force behind the injury or harm suffered and must establish a direct causal link between the governmental entity's action and the deprivation of a federally protected right. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997).

Here, Plaintiff has again failed to allege anything more than respondeat superior and/or municipal liability against OCSD. Absent a showing of some causal connection between the policy and practices of the OCSD and the injury, there is no basis upon which the Defendant can be found liable under § 1983. Accordingly, the offical capacity lawsuit against these defendants must be dismissed.

## III. Conclusion

After review and consideration of the first amended complaint, the Court finds that it fails to state a claim on which relief may be granted as to the named defendants in their official capacities. Accordingly, the Complaint is dismissed with leave to amend.

As noted in the previous order, Plaintiff may be able to state a cause of action against the officers or deputies who failed to provide him with adequate medical attention. If Plaintiff chooses to file a second amended complaint, he should name those deputies as

defendants.[2] He must also provide the facts supporting any allegations of misconduct against any newly named defendant. The Court will then evaluate the complaint to determine whether it states a cause of action. It is hereby **ORDERED**:

1. All claims against the defendants are dismissed with leave to amend for the reasons stated above.

2. It is established that a *pro se* litigant must be given notice of the deficiencies of the complaint and an opportunity to amend the complaint to state a claim, unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Plaintiff will again be given an opportunity to demonstrate that he can state a viable claim against the sheriff's department or any individual who allegedly denied him medical care. Accordingly, if Plaintiff wishes to pursue this action, he may file a second amended complaint within **thirty (30) days** of the date of this Order, remedying the deficiencies discussed above. The second amended complaint must set forth all of the facts which support Plaintiff's claims and may not refer to the original or first amended complaint. The second amended complaint should be captioned "SECOND AMENDED COMPLAINT," and should bear this case number. The second amended complaint must clearly identify the specific acts on which the claims are based. It should include the date, time, place, and circumstances of the offending conduct, the names, descriptions, or other identifying information of the individuals who committed the conduct, the full details of what each defendant did or failed to do,

---

[2] Plaintiff must identify the defendants with greater specificity. The Court cannot order service on unidentified Defendants.

1 | and the damage or injury suffered by Plaintiff as a result.

2 |     Plaintiff is cautioned that he is responsible for presenting factually accurate information to the court. A knowing misrepresentation to the Court is punishable by sanctions, including dismissal.

    3. If Plaintiff decides not to pursue this action, he need not file anything in response to this Order and the case shall be dismissed without prejudice.

    4. Plaintiff is cautioned that the failure to timely file a second amended complaint will be construed by the magistrate judge as his consent to dismissal of this action as to the defendants and claims outlined above.

    5. The Court's deputy clerk shall serve on Plaintiff a copy of this memorandum and order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "Second Amended Complaint." If Plaintiff chooses to continue prosecuting this action, Plaintiff must use this form to the extent possible and not simply attach other documents to it and attempt to incorporate claims by reference to the attachments. He may, however, attach additional pages to detail his allegations, if necessary.

**SO ORDERED**

Dated: September 5, 2008

_____
Marc L. Goldman
United States Magistrate Judge