FILED
JUN 22 2009
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY_____DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTABIUS WATT DARDEN,<br><br>        Plaintiff,<br><br>v.<br><br>ORANGE COUNTY SHERIFF'S DEPARTMENT,<br><br>        Defendant. | No. CV 08-727-GW (MLG)<br><br>ORDER REJECTING REPORT AND RECOMMENDATION, AND REMANDING WITH INSTRUCTIONS |

      Pursuant to 28 U.S.C. § 636(b)(1), the Court rejects without prejudice the initial and supplemental Report and Recommendation of the United States Magistrate Judge ("R&R") and remands with instructions as delineated herein.

      Though styled as a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), Defendant's motion is really more in the nature of an unenumerated Rule 12(b) filing. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied sub nom. Alameida v. Wyatt*, 540 U.S. 810 (2003). This allows a court to resolve disputed facts. *See id.* at 1119-20. Under those circumstances, however, the court is also obliged to ensure that the Plaintiff is aware of the opportunity to develop a record. *See id.* at 1120 n.14. At this time, it is unclear whether the Plaintiff was ever apprised of that opportunity.[1]

---

[1] Moreover, on page 3 of his Response to United States Magistrate Judge's Report & Recommendation, Plaintiff alleges that: 1) he served discovery on counsel for Defendants and they failed to respond, and 2) he wrote to the Orange County Sheriff's Department for a copy of a grievance form and he purportedly never received a copy.

The supplemental R&R rejects Plaintiff's Objections to the original R&R. Effectively, however, it is precluding Plaintiff from simply amending his allegations further. *See Orion Tire Corp. v. Goodyear Tire & Rubber Co., Inc.*, 268 F.3d 1133, 1137 (9th Cir. 2001) ("Where counsel is able to posit possible amendments that would be consistent with the operative complaint and could also possibly state a claim for relief, the complaint should not be dismissed on its face with prejudice."). It would seem that the "facts" Plaintiff sets forth in his Objections would arguably satisfy the terms of 42 U.S.C. § 1997e(a), because they would conceivably establish the "unavailability" of the administrative remedies (at least as to the assertion that he attempted to obtain grievance forms but was unable to, if not also the assertion that he was transferred elsewhere). To simply disallow such allegations in the form of a further amendment to the complaint is, in essence, making a "sham pleading" finding without expressly doing so. *See PAE Govt. Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 858-60 (9th Cir. 2007). *But see Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (indicating denial of leave to amend was permissible because of amendment's futility and because of rule that amended complaint can only allege "other facts consistent with the challenged pleading") (quoting *Schreiber Distrib. Co. v. Serv Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986)), *cert. denied*, 502 U.S. 921 (1991).[2] Such a determination would require a finding of bad faith. *See PAE Govt. Servs.*, 514 F.3d at 860 ("The short of it is that there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations. Unless there is a showing that the party acted in bad faith - a showing that can only be made after the party is given an opportunity to respond under the procedures of Rule 11 - inconsistent allegations are

---

[2] In *PAE Government Services*, the Ninth Circuit indicated *Reddy* was to be read as limited to the obvious proposition that futile amendments are not permitted and that *Ellingson v. Burlington N. Inc.*, 653 F.2d 1327 (9th Cir. 1981), did not survive amendments to Fed. R. Civ. P. 11. *See PAE Govt. Servs.*, 514 F.3d at 859 nn.3-4. Issue could be taken, however, with the *PAE Government Services* reading of *Reddy*, which appears to be somewhat cramped, and therefore might run afoul of the principle that a 3-judge panel of the Ninth Circuit may not overturn another 3-judge panel's decision absent intervening controlling authority on the point.

simply not a basis for striking the pleading."); *see also Ellingson v. Burlington N. Inc.*, 653 F.2d 1327, 1329-30 (9th Cir. 1981) (affirming dismissal of complaint as false and sham pursuant to Rule 11). Thus far, the supplemental R&R has only concluded that the changed allegations "ring hollow," although, frankly, it is not at all clear that the positions Plaintiff has taken on this issue are necessarily inconsistent with one another. On the other hand, the dismissal is without prejudice, but the question would then be why Plaintiff should even be forced to deal with any potential statute of limitations and/or service problem where the instant complaint could seemingly be amended absent a finding of bad faith.

While, in the end, Plaintiff may not have a viable excuse for having failed to exhaust the grievance process, he has asserted a sufficient basis for an amendment to the Complaint which would result in a further response from the Defendant.

For the above reasons, the R&R is rejected with instructions that Plaintiff be allowed to amend.

DATED: June 22, 2009

                              _____
                              GEORGE H. WU
                              United States District Judge